1

2

3

4

5                           UNITED STATES DISTRICT COURT

6                           EASTERN DISTRICT OF CALIFORNIA

7

8    SAMUEL KENNETH PORTER,              )        1:10-cv-01210-GSA-PC
                                         )
9                                        )        ORDER INFORMING PLAINTIFF HE
               Plaintiff,                )        HAS LEAVE TO AMEND THE
10                                       )        COMPLAINT ONCE AS A MATTER
          v.                             )        OF COURSE
11                                       )        (Doc. 8 resolved)
     CAPTAIN JENNINGS, et al.,           )
12                                       )        THIRTY DAY DEADLINE TO FILE
                                         )        FIRST AMENDED COMPLAINT
13             Defendants.               )
                                         )        ORDER FOR CLERK TO SEND
14   _____)        COMPLAINT FORM TO PLAINTIFF

15   **I.       BACKGROUND**

16        Samuel Kenneth Porter ("plaintiff") is a state prisoner proceeding pro se in this civil rights action

17   pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July 6, 2010.  On August 23, 2010, plaintiff

18   filed a motion to amend the complaint.  (Doc. 8.)

19   **II.      RULE 15 -- MOTION TO AMEND**

20        Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's

21   pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a

22   party may amend only by leave of the court or by written consent of the adverse party, and leave shall

23   be freely given when justice so requires.  Fed.R.Civ.P. 15(a).  Because plaintiff has not amended the

24   complaint, and no responsive pleading has been served in this action, plaintiff has leave to file an

25   amended complaint as a matter of course.

26        Plaintiff is informed he must demonstrate in his amended complaint how the conditions

27   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625

28                                                 1

F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of adding new defendants relating to issues arising after July 6, 2010.  In addition, plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on July 6, 2010.

The court notes that Plaintiff attached 110 pages of exhibits to his original complaint.  With respect to exhibits, while they are permissible if incorporated by reference, Fed.R.Civ.P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence.  If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v.  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

## III.    CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff is informed that he has leave to amend the complaint once as a matter of course;

2.    This order resolves plaintiff's motion to amend the complaint, filed August 23, 2010;

3.      Within thirty (30) days from the date of service of this order, plaintiff shall file a First Amended Complaint using the court's form;

4.      The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to case number 1:10-cv-01210-GSA-PC , and be an original signed under penalty of perjury;

5.      The Clerk of the Court shall send one civil rights complaint form to plaintiff; and

6.      Plaintiff is warned that the failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey a court order.


IT IS SO ORDERED.

**Dated:**   **August 26, 2010**                 _____**/s/ Gary S. Austin**_____
                                                                UNITED STATES MAGISTRATE JUDGE

3